**PUBLISHED**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:04CR00050 |
| | ) | |
| v. | ) | **OPINION SETTING FORTH** |
| | **)** | **REASONS  FOR SENTENCE** |
| **LARRY A. CLYBURN**, | ) | |
| | ) | By:  James P. Jones |
| Defendant. | ) | Chief United States District Judge |
| | ) | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Michael A. Bragg, Abingdon, Virginia, for Defendant.*

For the reasons set forth in this opinion, I find it reasonable to sentence the defendant to a sentence below the advisory guideline range.

A jury in this court convicted the defendant, Larry A. Clyburn, of conspiracy to manufacture 50 grams or more of methamphetamine (Count One); manufacturing 50 grams or more of methamphetamine (Count Two); possession of pseudoephedrine with intent to manufacture methamphetamine (Count Three); maintaining a place for the purpose of manufacturing methamphetamine (Count Four); endangering human life while manufacturing methamphetamine (Count Five); possession of a firearm in furtherance of a drug trafficking offense (Count Six); and possession of a firearm by

an unlawful user of a controlled substance (Count Seven). Following the verdict, I entered a judgment of acquittal as to Count Six, holding that the government had presented insufficient evidence that the defendant's admitted possession of a firearm was in furtherance of drug trafficking offense in violation of 18 U.S.C.A. § 924(c) (West 2000). *See United States v. Clyburn*, No. 1:04CR00050, 2005 U.S. Dist. LEXIS 7875, at *11-12 (W.D. Va. May 3, 2005).

In *United States v. Booker*, 125 S. Ct. 738, 767 (2005), the Supreme Court held that the Sentencing Guidelines are not mandatory, although a sentencing court is still obligated to "consult those Guidelines and take them into account," along with the sentencing factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2004). Accordingly, at least in this circuit, a sentencing court must "first calculate (after making appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in § 3553(a) before imposing the sentence. If the court imposes a sentence outside the guideline range, it should explain its reasons for doing so." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005) (citations omitted).

At Clyburn's sentencing hearing, after making findings of fact, I determined that Clyburn had a Total Offense Level of 32, with a Criminal History Category of

II, resulting in a range of 135 to 168 months imprisonment under the guidelines.

Clyburn testified at trial and at the sentencing hearing and admitted manufacturing methamphetamine. He denied that he had possessed the shotgun found in his home in furtherance of his drug trafficking offenses. Had the government not prosecuted him for this § 924(c) offense, it is likely that he would have pleaded guilty to the other charges. The § 924(c) charge, however, carries a five-year mandatory minimum sentence, which must be consecutive to any other sentence of imprisonment. *See* 18 U.S.C.A. § 924(c)(1)(A)(i), (D)(ii). According to Clyburn's attorney, that additional five-year sentence was the sticking point in fashioning a plea agreement.[1]

Had Clyburn and the government entered into a plea agreement, Clyburn would have likely received a three-level reduction for acceptance of responsibility. *See* U.S.

---

[1] The defense also disputed at trial the quantity of methamphetamine that Clyburn had manufactured. As is not unusual in cases such as this, the evidence of that quantity came solely from the DEA case agent's calculation, based on Clyburn's confession to the agent of the number of times he had "cooked" methamphetamine and the amount of pseudoephedrine pills (cold tablets) he had used in each "cook." The agent estimated the quantity of methamphetamine produced based on his knowledge of the anticipated yield from that amount of pseudoephedrine. (Tr. 1-65.) Clyburn did not dispute his confession to the agent (Tr. 2-38) but claimed that he had been "in shock" after being arrested and had overestimated the amounts. (2-13, -48.) His attorney also argued that the agent's calculation had been speculative.

Case 1:04-cr-00050-JPJ-RSB   Document 163   Filed 05/13/05   Page 3 of 5   Pageid#: 458

Sentencing Guidelines Manual ("U.S.S.G.") § 3E1.1 (2004).[2] He has always admitted his drug-making conduct, from his initial contact with law enforcement officers through his trial and to his sentencing hearing. Based on such a reduction, Clyburn's Total Offense Level would have been 29, with a sentencing range of 97 to 121 months.

While the acceptance of responsibility adjustment is not limited to those defendants who plead guilty, the Sentencing Commission has warned that the reduction "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt." U.S.S.G. § 3E1.1, cmt. 2. Clyburn denied that he manufactured the amount of methamphetamine charged, although he did admit making the drug, and he denied that he possessed the firearm in furtherance of the drug trafficking offense. While it might be considered that as to the § 924(c) charge he only went to trial "to make . . . a challenge to the applicability of a statute to his conduct," U.S.S.G. § 3E1.1, cmt. 2,[3]

---

[2] A defendant who demonstrates acceptance of responsibility is entitled to a two-level reduction, and an extra one-level reduction if the government so requests, *see* U.S.S.G. § 3E1.1(b), which it normally agrees to do in its plea agreements in this district.

[3] Clyburn admitted that he owned the shotgun found in his bedroom, but claimed that he kept it only because he "had varmints getting in [his] trash." (Tr. 2-18.) *See United States v. Broussard*, 987 F.2d 215, 224 (5th Cir. 1993) (holding that defendant who admitted constructive possession of guns but denied guilt under § 924(c) may be entitled to adjustment for acceptance of responsibility), *overruled on other grounds*, *J.E.B. v. Ala. ex rel. T.B.*, 511 U.S. 127 (1994).

- 4 -

no objection was made to the probation officer's refusal to recommend an acceptance of responsibility adjustment in the presentence investigation report. Moreover, the government made no motion for such an adjustment, thus precluding the additional one-level reduction on this ground.

In light of the unavailability of a three-level reduction under the Sentencing Guidelines, I find that it would not be reasonable to sentence Clyburn within the guideline range. I find that had he entered into a plea agreement, he would have received the acceptance of responsibility adjustment and I further find that it is likely that he would have entered into such an agreement had he not been charged with the § 924(c) offense. Since I have determined that the government's evidence was insufficient to support a conviction under § 924(c), I find it is reasonable, and in accord with 18 U.S.C.A. § 3553(a), to impose a non-guideline sentence that approximates the guideline sentence Clyburn would have received had he pleaded guilty to all of the charges, excluding the 924(c) charge. I have thus sentenced Clyburn to 97 months imprisonment.

DATED: May 13, 2005

/s/ JAMES P. JONES
Chief United States District Judge

- 5 -